IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ERIC T. LATHAM,** | ) | |
| Petitioner, | ) | C.A. No. 19-154 Erie |
| | ) | |
| v. | ) | **District Judge Susan Paradise Baxter** |
| | ) | **Magistrate Judge Richard A. Lanzillo** |
| **WARDEN OF FCI MCKEAN,** | ) | |
| Respondent. | ) | |

## **MEMORANDUM ORDER**

On May 24, 2019, Petitioner Eric T. Latham, an inmate incarcerated at the Federal Correctional Institution at McKean in Bradford, Pennsylvania ("FCI-McKean"), filed this *pro se* action for habeas corpus relief pursuant to 28 U.S.C. § 2241. In his habeas petition, Petitioner challenges disciplinary sanctions that were re-imposed by the discipline hearing officer ("DHO") for an escape charge from May 7, 2018. Petitioner contends that the Bureau of Prisons ("BOP") violated his constitutional right to due process by failing to provide written notice of the charges against him and detaining him beyond his projected release date without conducting an in-person hearing. The petition was referred to United States Magistrate Judge Richard A. Lanzillo, for report and recommendation in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrate Judges.

On June 29, 2021, Magistrate Judge Lanzillo issued a Report and Recommendation ("R&R") finding that "the disciplinary sanction at issue was applied to the term of incarceration that Petitioner completed on November 2, 2015" and, thus, "his challenge to that disciplinary sanction is moot." (ECF No. 18, at p. 7). Accordingly, Judge Lanzillo recommends that the petition be denied as moot. Petitioner has filed timely objections to the R&R, arguing, *inter alia,* that the mootness doctrine does not apply because (1) his current sentence of 82 months includes

1

a portion of his previous "undischarged" sentence, and (2) he is still facing collateral consequences from the imposition of the sanction for which he intends to pursue damages in a civil rights claim if habeas relief is granted [ECF No. 19]. Petitioner's arguments are unavailing.

First, Petitioner's understanding of his current sentence is mistaken. The Magistrate Judge correctly notes that the sanction at issue was applied against his sentence that was discharged on November 2, 2015. Petitioner's supervised release was subsequently revoked by the United States District Court for the Western District of Michigan on September 8, 2016, for which Petitioner was sentenced to a 22-month term of imprisonment (ECF No. 11-2, at 3). It was this "previous 'undischarged' sentence" that was added to Petitioner's more recent 60-month sentence, which resulted in his current aggregate sentence of 82 months (ECF No. 11-2, at 4-5). Thus, the challenged sanction has had no effect on Petitioner's current sentence.

As for Petitioner's second argument that the challenged sanction has had collateral consequences, "courts have held that a number of potential future consequences, such as future classification decisions, future inmate employment, and potential availability of discretionary early release programs are not sufficiently concrete collateral consequences to define a live dispute." Ghertler v. Federal Bureau of Prisons, 2014 WL 4057837, at *7 (M.D. Pa. Aug. 15, 2014), citing Herbst v. Sevier, 430 F. App'x 530, 531 (7th Cir.2011); Scott v. Schuylkill FCI, 298 F. App'x 202, 204 (3d Cir. 2008) (petitioner's assertion that his discipline for "fighting with another person" may adversely affect his future classification is too speculative to demonstrate collateral consequences); Medberry v. Crosby, 351 F.3d 1049, 1053 (11th Cir. 2003); Wilson v. Terhune, 319 F.3d 477, 481 (9th Cir.2003). Furthermore, "'for the inmate disciplined for escape, it is the discretionary consideration of the *fact* of the escape, rather than any disciplinary action,

which has adverse consequences for the prisoner in the future.'" Ghertler, at *7, quoting Wilson, 319 F.3d 482.

Thus, after *de novo* review of the petition and documents in the case, together with the report and recommendation and objections thereto, the following order is entered:

AND NOW, this 12th day of August, 2021,

IT IS HEREBY ORDERED that the within petition for a writ of habeas corpus is DENIED. The report and recommendation of Magistrate Judge Lanzillo, dated June 29, 2021 [ECF No. 18], is adopted as the opinion of this Court. As there are no further matters pending before the Court relative to the instant petition, the Clerk is directed to mark this case "CLOSED."

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States District Judge

cc:     The Honorable Richard A. Lanzillo
        United States Magistrate Judge

        All parties of record